UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS LEONOR, DDS,

                Plaintiff/Counter-Defendant,

vs                                   Case No. 2:12-cv-15343
                                   Honorable Robert H. Clelland

PROVIDENT LIFE AND ACCIDENT
COMPANY, a Tennessee Corporation; and
PAUL REVERE LIFE INSURANCE
COMPANY, a Massachusetts Corporation,

                Defendants/Counter-Plaintiffs

| | |
|---|---|
| Michael M. Jacob (P15391) | K. Scott Hamilton (P44985) |
| Devaney Jacob Wilson, PLLC | Dickinson Wright PLLC |
| Attorney for Plaintiff/Counter-Defendant | Attorney for Defendants/Counter-Plaintiffs |
| 3001 W. Big Beaver Road, Suite 624 | 500 Woodward Avenue, Ste. 4000 |
| Troy, MI 48084 | Detroit, MI 48226 |
| (248) 649-0990 | (313) 223-3500 |
| michael@djwlawfirm.com | khamilton@dickinsonwright.com |

**REPLY BRIEF IN SUPPORT OF
DEFENDANTS/COUNTER-PLAINTIFFS'
MOTION TO DISMISS COUNT II
OF PLAINTIFF/COUNTER-DEFENDANT'S
COMPLAINT**

## TABLE OF AUTHORITIES

**Cases**

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 546 (2007) ................................................................... 4

*Cooper v. Auto Club Insur. Ass'n*, 481 Mich. 399, 751 N.W.2d 443 (2008) .................... 1, 2, 3, 4

*New Start, Inc. v. Bristol West Insur. Co.*, 2007 W.L. 1207099 at *2 (Mich. App., April 24, 2007) ....................................................................................................................................... 4

*Oliver v. National Life Ins. Co.*, 2010 W.L. 3504753 (E.D. Mich., Sept. 7, 2010) ................... 4, 5

**Other Authorities**

M.C.L. 500.3145(1) ....................................................................................................................... 2

Plaintiff's Response to Defendants' Motion to Dismiss his fraud claim concedes that his breach of contract claim (Count I) and fraud claim (Count II) are inexorably intertwined with duties created by contract, which bars any separate tort claim.[1]  Plaintiff alleges that Defendants breached the policies when they denied disability benefits after determining that Plaintiff was not disabled from his Occupation.[2]  His fraud claim is based upon the same duty which arose solely by virtue of the parties' contractual relationship.  Plaintiff affirmatively states that he "filed this action for breach of contract and fraud to redress the refusal of defendants . . . to honor their insurance obligations toward Plaintiff," and that because Defendants "have refused to provide coverage as promised," the "representations of coverage were therefore fraudulent." (Response at 2).  Plaintiff's Complaint alleges nothing more than that Defendants breached the terms of the policies by denying his claim, and therefore the alleged misrepresentations about the scope of coverage under the policies were false.  That is exactly the kind of circumstance in which courts have repeatedly and universally dismissed fraud claims - - i.e., where the alleged fraud is based on the fact that the other party failed to perform under the contact as they represented they

--------

[1]  Plaintiff concedes, as he must, that under "Michigan law . . . to be actionable, fraudulent representations [must] create a 'separate and distinct duty' from what which exists as a matter of contract." (Response at 3).

[2]  The policies *nowhere* define Plaintiff's "Occupation" as "practicing dentist," or even use the word "dentist."  "Your Occupation" is expressly defined in Paul Revere policy no. 0102748090 as "the occupation or occupations in which You are regularly engaged at the time Disability begins" (Exhibit 1), in Paul Revere policy no. 0102450113 as "the occupation in which You are regularly engaged at the time You became Disabled" (Exhibit 2), and in Provident Life policy no. 06-7912074 as 'the occupation or occupations, as performed in the national economy, rather than as performed for a specific employer or in a specific location, in which You are regularly engaged at the time You become Disabled." (Exhibit 3).  Given these unambiguous and express definitions of "Occupation" in the policies which make no reference to "dentistry," Plaintiff cannot plausibly allege reasonable reliance on the alleged misrepresentation. *See Cooper, supra,* 481 Mich. at 415 ("when the insurer has made a statement that clearly conflicts with the terms of the insurance policy, an insured cannot argue that he or she reasonably relied on that statement.") Plaintiff's fraud claim alleges that he was told that the policies said something that they clearly did not and cannot allege reasonable reliance as a matter of law.

1

would. *See* Defendant's Main Brief at 3-6 (citing authority that Plaintiff's Response simply ignores). Plaintiff's fraud claim is either that Defendants promised to pay under certain circumstances and refused to (which is at most a non-actionable statement of future, not past or existing, facts), or Defendants misrepresented the scope of the policies' coverage (which is non-actionable in fraud because the scope of Defendants' contractual duties are defined by the contracts, both of which were fully integrated and could not be modified by Defendants' agents). *See* Exhibit 1, ¶10.1; Exhibit 2, ¶10.1; Exhibit 3, Part 6.

Plaintiff's reliance on *Cooper v. Auto Club Insur. Ass'n*, 481 Mich. 399, 751 N.W.2d 443 (2008) (Plaintiff's Brief at 2 and 7-8) is completely misplaced. *Cooper* did not involve a fraud claim that was based upon alleged misrepresentations about an insurance contract's terms of coverage, which is all that Plaintiff's Complaint alleges.

In *Cooper*, Sharon Strozewski drove a car with her two daughters who were severely injured in an accident. She began receiving benefits under the No-Fault Act, M.C.L. 500.3145(1). After getting those benefits for two years, "defendant's claims representative . . . suggested to Strozewski that she quit her job and stay home to care for [one of her daughters] full-time." 481 Mich. at 402. The "[d]efendant offered to pay Strozewski $50 a day, and she accepted by signing a contract." *Id.* Years later, Strozewski sued, alleging that the "defendant fraudulently induced Strozewski to accept an unreasonably low compensation rate for her in-home attendant care services." *Id.* at 403. Specifically, she "alleged that defendant had committed fraud by telling Strozewski:

> (1) that if she did not quit her job and accept $50 a day for providing 24-hour attendant care for [the daughter], she would be personally responsible for paying for [the daughter's] care; (2) that she had a parental obligation to provide attendant care for her children, which reduced defendant's legal obligation to pay attendant care benefits, and that if she did not agree to take care of

2

> [the daughter] for $50 a day, [the daughter] would have to be institutionalized; (3) that the attendant-care rate was not negotiable and that a higher rate was not available even though, in reality, defendant was paying other insureds as much as $7 an hour for providing similar attendant care; (4) that she was required to sign a contract before she could recover continuing no-fault benefits; (5) that case-management expenses were paid at the same rate as attendant-care benefits; and (6) that attendant care could not be paid to family members at the market rate or agency rate, i.e., the rate normally paid by the insurance agency to other caregivers."

*Id*. at 403-04.

It was on those facts that the plaintiffs in *Cooper* argued that "by alleging in their amended complaint that defendant fraudulently induced Strozewski to accept an unreasonably low compensation rate for her in-home attendant-care services, plaintiffs brought a common-law fraud claim that is distinct from a no-fault claim for benefits . . .." *Id*. at 407.   *Cooper* unremarkably held that "[a] fraud claim is clearly distinct from a no-fault claim," *id*. at 408, but cautioned that "mere allegations of failure to discharge obligations under [an] insurance contract *would not be actionable in tort* . . .." *Id*. at 410.  (emphasis added).

None of the fraudulent misrepresentations in *Cooper* described the terms of an insurance contract that was being purchased.  The fraudulent statements were made to get the plaintiff to agree to lower benefits than she was receiving under the No-Fault Act.  In contrast, Plaintiff's fraud claim in the present case is based upon alleged misrepresentations about the contract's terms of coverage, which are of course directly tied to the contractual duties he claims were breached.  Plaintiff simply alleges in Count II that Defendant's agent misrepresented the circumstances under which the policies would pay benefits, and that such alleged representation was fraudulent because Defendants later denied his claim.  (Complaint, ¶25) ("By claiming that Leonor was no longer totally disabled because he can manage dental practices and real estate but

3

not practice dentistry, Provident and Pail [sic] Revere have misrepresented the terms, benefits and conditions of the Policies . . .").

Plaintiff's assertion that a fraud claim can be based upon a promise that is made with a present intention not to perform (Plaintiff's Response at 4) is meritless. First, his Complaint does not allege that Defendants made any promise with an intention not to perform it.

Second, even if he had generally alleged a present intent to not pay future disability benefits, such allegation is insufficient to state a fraud claim. *Oliver v. National Life Ins. Co.*, 2010 W.L. 3504753 (E.D. Mich., Sept. 7, 2010) (dismissing fraud claim because "Plaintiff provides nothing other than his conclusory allegations regarding Defendant's intent [to not pay benefits], which do not raise his fraud claim to the 'plausible' level [required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 546, 577 (2007)]"). *Id.* at *3 (quoting *New Start, Inc. v. Bristol West Insur. Co.*, 2007 W.L. 1207099 at *2 (Mich. App., April 24, 2007) (although "an action for fraud can be based on an unfulfilled promise to perform in the future if the promise was made with a present undisclosed intent not to perform, . . . the mere fact that defendant ultimately failed to pay the expenses does not support an inference that it deliberately misrepresented its intent"). *Cooper, supra*, cautioned that in evaluating fraud allegations, "courts should carefully examine whether the insureds have established . . . that the statements are statements of past or existing fact, rather than future promises or good-faith opinions . . ." 481 Mich. at 416.

Third, in *Oliver v. National Life Insur. Co., supra*, this Court also dismissed the plaintiff's fraud claim because it was not independent of the disability insurance contract. The plaintiff alleged "that his fraud claim is distinct from his breach-of-contract claim" because he alleged that "National Life issued insurance contacts that it never intended to honor," and thus the "fraud claim arose at the time the contract was entered into, while the breach-of-contract

4

claim did not come to fruition until Plaintiff's claim for benefits under the policy was denied." *Id.* at *2. *Oliver* dismissed the plaintiff's fraud claim because the "alleged fraud 'relates to the subject matter between [himself] and defendant," so that the "claim is thus solely one for breach of contract, and thus cannot constitute actionable fraud." *Id.*at *3. That is the identical circumstance in the present case.

Count II of Plaintiff's Complaint falls squarely within the abundant case law - - ignored by Plaintiff - - holding that a fraud claim cannot be maintained separately from a breach of contract claim where the underlying duty to perform is governed by a contract. Count II should therefore be dismissed.

Respectfully Submitted,

DICKINSON WRIGHT PLLC

By: /s/ K. Scott Hamilton
    K. Scott Hamilton (P44095)
Attorneys for Defendants/Counter Plaintiffs
500 Woodward Avenue, Suite 4000
Detroit, MI  48226
(313) 223-3500

Dated:  March 7, 2013

### Certificate of Service

I hereby certify that on March 7, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

/s/ K. Scott Hamilton
K. Scott Hamilton (P44095)
DICKINSON WRIGHT PLLC
Attorneys for Defendants/Counter-Plaintiffs
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
313-223-3500

DETROIT 16344-289 1275143v1