**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LOUIS LEONOR,

     Plaintiff,

v.                                                          Case No. 12-15343

PROVIDENT LIFE AND ACCIDENT
COMPANY and
PAUL REVERE LIFE INSURANCE
COMPANY,

     Defendants.

                                  /

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COUNT II**

     Defendants Provident Life and Accident Company and Paul Revere Life

Insurance Company ceased paying Plaintiff Louis Leonor disability benefits pursuant to

three disability income insurance policies.  Plaintiff filed suit against Defendants alleging

breach of contract and fraud.  Defendants move to dismiss Plaintiff's fraud claim under

Federal Rule of Civil Procedure 12(b)(6).  The motion has been fully briefed, and a

hearing is unnecessary.  *See* E.D. Mich. LR 7.1(f)(2).  For the following reasons, the

court will grant the motion.

**I. BACKGROUND**

     Beginning in 1990, Plaintiff Louis Leonor purchased three disability income

insurance policies (the "Policies") from Defendants Provident Life and Accident

Company and Paul Revere Life Insurance Company.  The Policies state that Plaintiff will

receive disability benefits if he has a "Total Disability," which is defined as "being unable

to perform the important duties of Your Occupation."  (Dkt. # 1 at 2.)  Plaintiff, a board

certified dentist, when purchasing the Policies listed "dentist" as his "Occupation."

Plaintiff alleges that, when he purchased the Policies, Defendants represented to him

that the Policies would pay him disability benefits if Plaintiff became disabled and could

no longer work as a dentist.

On March 11, 2009, Plaintiff allegedly became totally disabled due to a cervical

spine disc herniation and was unable to continue working as a dentist.  Plaintiff filed a

disability claim, and in July 2009 Defendants began paying Plaintiff disability benefits

under each of the Policies.  On September 27, 2010, Defendants stopped paying

disability benefits under two of the Policies, and on September 14, 2011, terminated

payments under the third Policy.  Defendants claimed that Plaintiff was not disabled

from his "Occupation" because he was capable of managing his dental practices and

real estate and, therefore, was no longer entitled to benefits.

On December 5, 2012, Plaintiff filed suit against Defendants alleging breach of

contract (Count I) and fraud and misrepresentation (Count II).  Defendants move to

dismiss Plaintiff's fraud claim under Rule 12(b)(6).

## II. STANDARD

A complaint may be dismissed under Rule 12(b)(6) when the plaintiff fails to state

a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A complaint "does

not need detailed factual allegations," but "requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The "factual allegations must be enough

to raise a right to relief above the speculative level."  *Id.*  The plaintiff must plead "only

enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true.  *Evans-Marshall v. Bd. of Educ.,* 428 F.3d 223, 228 (6th Cir. 2005).  In doing so, the court must "draw all reasonable inferences in favor of the plaintiff."  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  Yet the court "need not accept as true legal conclusions or unwarranted factual inferences."  *Gregory v. Shelby Cnty., Tenn.*, 220 F.3d 433, 466 (6th Cir. 2000).  A court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's factual allegations.  *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995). "[T]he court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint also may be taken into account."  *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

### III. DISCUSSION

Generally, a claim for fraud must concern "statements of past or existing fact, rather than future promises or good-faith opinions."  *Cooper v. Auto Club Ins. Ass'n*, 751 N.W.2d 443, 452 (Mich. 2008).  An exception to this general rule is that "an unfulfilled promise to perform in the future is actionable when there is evidence that it was made with a present undisclosed intent not to perform."  *Foreman v. Foreman*, 701 N.W.2d 167, 175 (Mich. Ct. App. 2005).  "[T]he mere fact that statements relate to the future will not preclude liability for fraud if the statements were intended to be, and were accepted as, representations of fact, and involved matters peculiarly within the knowledge of the speaker."  *Id.*

It is unclear whether Count II alleges that Defendants' misrepresentation related

to a present fact or was a future promise.  The Count, in pertinent part, states:

> 23. At the time Leonor purchased each of his three (3) Policies, it was represented to him by Provident's and Paul Revere's agents that the Policies covered his Occupation (*i.e.*, a dentist).

> 24. In reliance upon that representation, Leonor purchased the Policies, renewed the Policies, and paid the annual premiums.

> 25. By claiming that Leonor was no longer totally disabled because he can manage dental practices and real estate but not practice dentistry, Provident and Pail [sic] Revere have misrepresented the terms, benefits, advantages and conditions of the Policies and have otherwise engaged in unfair methods of competition and unfair or deceptive acts or practices . . . .

(Dkt. # 1 at 5.)[1]  The vague misrepresentation alleged in Count II may be interpreted in

two ways: (1) Defendants stated that the Policies cover Plaintiff's occupation as a

dentist (*i.e.*, stating a present fact); or (2) Defendants promised that the Policies would

pay benefits if Plaintiff became disabled and could no longer work as a dentist (*i.e.*, a

future promise).  Plaintiff does not explicitly state whether Defendants'

misrepresentation related to a present fact or constituted a future promise, apparently

asking the court to decide the correct interpretation of Plaintiff's cause of action.[2]

---

[1] The court notes that, to remedy Defendants' alleged fraud, Plaintiff seeks an order requiring Defendants to pay Plaintiff lifetime disability benefits in accordance with the Policies.  However, a successful fraud claim does not provide such a remedy, but instead "renders [a] contract voidable at the option of the defrauded party." *Custom Data Solutions, Inc. v. Preferred Capital, Inc.*, 733 N.W.2d 102, 105 (Mich. Ct. App. 2006) (citation omitted).

[2] For example, Plaintiff, in his response, states: "If the Court agrees that the representations in question apply only to future conduct, then Plaintiff's fraud claim may properly be treated as a claim for fraud in the inducement."  (Dkt. # 14 at 8.)

Resolving this question is unnecessary, however, as Count II fails to state a claim for relief in either case.

"The law in Michigan is well-settled that an action in tort requires a breach of duty separate and distinct from a breach of contract." *Brock v. Consol. Biomedical Labs.*, 817 F.2d 24, 25 (6th Cir. 1987) (collecting authority). A plaintiff cannot bring a tort action for nonperformance of a contract. *Casey v. Auto Owners Ins. Co.*, 729 N.W.2d 277, 286 (Mich. Ct. App. 2006). When a fraud claim is based on a breach of a contractual duty, the fraud claim must be dismissed for not arising under a separate legal duty. *Theuerkauf v. United Vaccines Div. of Harlan Sprague Dawley, Inc.*, 821 F. Supp. 1238, 1241 (W.D. Mich. 1993) (dismissing a fraud claim where the defendant allegedly misrepresented that a product was safe and, therefore, the claim "[arose] only because the product did not work as it was supposed to work" and could only be brought under contract law); *Merchants Publ'g Co. v. Maruka Mach. Corp. of Am.*, 800 F. Supp. 1490, 1493 (W.D. Mich. 1992) (dismissing a fraud claim after finding that the alleged misrepresentations of a product's safety "would not [have arisen] without the existence of the putative contracts between the parties"); *Huron Tool & Eng'g Co. v. Precision Consulting Servs., Inc.*, 532 N.W.2d 541, 546 (Mich. Ct. App. 1995) (dismissing a fraud claim after holding that the alleged fraudulent representations concerning a product's quality and characteristics were "indistinguishable from the terms of the contract and warranty that plaintiff allege[d] were breached").

Here, Plaintiff's fraud claim alleges that Defendants misrepresented that Plaintiff would receive benefits if he became unable to work as dentist. Whether that alleged misrepresentation was stated as a present fact of the Policies' scope or as a future

promise of coverage, Plaintiff's claim arises solely from Defendants' contractual

obligation to pay Plaintiff benefits according to the Policies if he became disabled.  The

alleged fraudulent statement is indistinguishable from the Policy terms that Plaintiff

argues were breached.  Therefore, the fraud claim does not arise under a breach of a

legal duty that is separate and distinct from the alleged breach of the Policies.

Plaintiff argues that *Cooper v. Auto Club Insurance Association*, 751 N.W.2d 443

(Mich. 2008), is dispositive.  In that case, the plaintiff and her daughters were injured in

a car accident.  *Id.* at 445.  Both of the daughters suffered severe injuries, and one of

the daughters required continuous skilled nursing care which was being paid for by the

plaintiff's insurance association.  *Id.*  After the plaintiff received benefits for two years

under Michigan's no-fault act, Mich. Comp. Laws § 500.3105, the insurance association

told the plaintiff that it would pay her $50 a day if she quit her job to take care of her

daughter.  *Id.*  The plaintiff accepted the offer and, over the course of a decade, the

insurance association raised the plaintiff's payments to $10 per hour.  *Id.*  The plaintiff

sued the insurance association and brought two causes of action: (1) failure to pay all of

the personal protection insurance benefits that were due under the no-fault act; and (2)

fraud.  The plaintiff, with respect to the fraud claim, alleged that the insurance

association "had fraudulently induced [the plaintiff] to accept an unreasonably low

compensation rate for her in-home attendant care services."  *Id.* at 446.

The Michigan Supreme Court held that the fraud claim was distinct from the no-

fault claim for benefits, opining:

> Unlike a no-fault claim, a fraud claim does not arise from an insurer's mere
> omission to perform a contractual or statutory obligation, such as its failure
> to pay all the [insurance] benefits to which its insureds are entitled.  Rather,

it arises from the insurer's breach of its separate and independent duty not to deceive the insureds, which duty is imposed by law as a function of the relationship of the parties . . . .

*Id.* at 448.  The court held that "where an insured's claim arises not out of the insurer's mere failure to pay no-fault benefits, but out of the insurer's fraudulent misrepresentations . . . the courts are faced with a fraud claim as opposed to a no-fault claim."  *Id.* at 450.  However, the court reiterated that "mere allegations of failure to discharge obligations under an insurance contract could not be actionable in tort."  *Id.* at 449 (citation and alterations omitted).

The facts of *Cooper* are distinguishable from this case.  In that case, the alleged fraudulent statements were made to convince the plaintiff to accept lower benefits than she would have received under the no-fault act.  Unlike *Cooper*, where the fraudulent statements did not address the terms of a contract, Defendants' alleged misrepresentation concerned the Policies' coverage provisions and whether Plaintiff would receive benefits if he could no longer work as a dentist.  Plaintiff's fraud claim arises solely from Defendants' alleged failure to fulfill a contractual obligation and not from a breach of a separate and independent duty.  This allegation of fraud is not actionable and must be dismissed.

### IV. CONCLUSION

Accordingly, IT IS ORDERED that Defendants' motion to dismiss Count II [Dkt. # 9] is GRANTED, and Count II is DISMISSED WITH PREJUDICE.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  March 20, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, March 20, 2013, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522
