UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS LEONOR,

    Plaintiff/Counter-Defendant,

v.                                                                          Case No. 12-15343

PROVIDENT LIFE AND ACCIDENT
COMPANY and
PAUL REVERE LIFE INSURANCE
COMPANY,

    Defendants/Counter-Claimants.
                                                /

## OPINION AND ORDER
## DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

After Defendants Provident Life and Accident Company ("Provident") and Paul Revere Life Insurance Company ("Paul Revere") ceased paying Plaintiff Louis Leonor "Total Disability" benefits pursuant to three disability income insurance policies, he filed suit alleging breach of contract and fraud. On March 20, 2013, the court granted Defendants' motion to dismiss Plaintiff's fraud claim under Federal Rule of Civil Procedure 12(b)(6). Thereafter, on April 30, 2014, the court denied Defendants' motion for summary judgment and granted Plaintiff's motion for summary judgment. Defendants now move for reconsideration of that order. Specifically, Defendants take issue with the court's legal conclusion that the policy provision "unable to perform the important duties of [his] occupation," is ambiguous. For the reasons that follow, Defendants' motion for reconsideration will be denied.

# I. BACKGROUND

The court and the parties are intimately familiar with the facts of this case, including the insurance provisions at issue, and thus the complete background will not be repeated here. However, the court will briefly summarize the relevant portion of its April 30, 2014 opinion to provide context for Defendants' present argument.

The court thoroughly analyzed whether Plaintiff is "unable to perform the important duties of [his] Occupation." With respect to "Occupation," the court first determined that pre-disability, Plaintiff spent roughly two-thirds of his time performing dental procedures with the remaining third of his time spent managing and overseeing his dental practices and other businesses. In light of this, the court next analyzed whether, post-disability, Plaintiff is "unable to perform the important duties of [his] occupation" and thereby "Totally Disabled." The court explained the crux of the parties dispute:

> The parties fundamentally agree that general dentistry constituted *an* important duty of Plaintiff's "Occupation." However, the parties dispute whether Plaintiff is "Totally Disabled" under the Policy because, despite his disability he continues to manage and oversee his dental practices and businesses. Defendants point out that to be "Residually Disabled," Plaintiff must be "unable to perform *one or more* of the important duties of Your Occupation." (emphasis added.) Reading the "Residually Disability" provision together with the "Total Disability" provision, Defendants say, requires that Plaintiff be unable to perform "all" of the important duties of his "Occupation" to be "Totally Disabled." Conversely, Plaintiff stresses that "'important duties' does not mean 'all' or 'each and every'" (Pg. ID # 1354), and that as Plaintiff can no longer practice general dentistry—what he deemed as his "Occupation"—he is "Totally Disabled."

(Dkt. # 48, Pg. ID 1410–11.) The court then detailed the two approaches courts around the country appear to take when interpreting disability insurance policies with similar, and in many cases the same, language. Ultimately, the court determined that "Because

2

'unable to perform the important duties of Your Occupation' could reasonably be interpreted as inability to perform 'all' of the important duties or 'some' of the important duties of one's 'occupation,' the provision is ambiguous." (*Id.* at Pg. ID 1414.)  Put differently, Plaintiff's reading that "the important duties" does not mean "all important duties" is reasonable.  Finally, in accordance with Michigan Law the court construed the Policy most favorably to the insured to maximize coverage and thus concluded that Plaintiff is "Totally Disabled."

## II.  STANDARD

Pursuant to the local rule, "[t]he court will not grant motions for . . . reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."  E.D. Mich. LR 7.1(h)(3).  A motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties . . . have been misled," and (2) "show that correcting the defect will result in a different disposition of the case."  *Id.*  "A 'palpable defect' is a defect that is obvious, clear, unmistakable, manifest, or plain."  *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004).

## III.  DISCUSSION

In their motion for reconsideration, Defendants argue that the court:

> [D]id not address . . . one very specific and outcome-determinative issue that Defendants raised in the underlying summary judgment motion:  That the definite article "the" preceding the plural noun "important duties" allows one, and only one, grammatically correct construction of the phrase. (Doc. # 45.) Under basic rules of grammar when the definite article "the" precedes a plural noun (i.e., "unable to perform ***the*** important dut***ies***"), the phrase unambiguously means the entire group (or "all") of the things encompassed

3

> in the plural noun, which in this case means "all of the important duties" of the insured's occupation.

(Dkt. # 50, Pg. ID 1434 (emphasis in original).) Although in the introduction of their motion, quoted above, Defendants state that they had previously raised their argument in their summary judgment motion, they later concede in a footnote that "Defendants' argument in Doc. # 45 *was in reply* to Plaintiff's argument in response to Defendants' motion for summary judgment." (Dkt. # 50, Pg. ID 1437 (emphasis added).) Further, the court notes that, just at they did in their introduction, throughout their motion for reconsideration, Defendants repeatedly refer to their summary judgment motion and cite to "Doc # 45" yet that document is not their motion for summary judgment—it is their reply. By raising their grammar argument for the first time in their reply, Defendants forfeited this argument. *See Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010) ("We have consistently held . . . that arguments made . . . for the first time in a reply brief are waived."); *Automated Solutions Corp. v. Paragon Data Sys., Inc.*, 13-3025, 2014 WL 2869286, at * 14 (6th Cir. June 25, 2014) (citation omitted) ("Waiver is different than forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right.").

Regardless, Defendants' motion for reconsideration lacks merit because the court already addressed their grammar argument. The local rule is clear: "[t]he court will not grant motions for . . . reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3); *see also Fulghen v. Potter*, No. 10-11148, 2011 WL 761499, at *1 (E.D. Mich. Feb. 25, 2011) ("The purpose of a motion for reconsideration is not 'to give an unhappy

litigant one additional chance to sway the judge.'" (quoting *Pakideh v. Ahadi*, 99 F. Supp. 2d 805, 809 (E.D. Mich. 2000))). Defendants' argument is exactly the type of argument that the local rule was designed to prohibit. Defendants openly admit that they have already presented their argument—their motion for reconsideration is premised on this fact. Further, in its thirty-two page opinion, the court considered—if not expressly then at least by reasonable implication—Defendants' grammar argument. As stated above, the court acknowledged Defendants' view that the provision at issue requires Plaintiff to be unable to perform "all" of the important duties of his "Occupation" to be "Totally Disabled." (Dkt. # 48, Pg. ID 1411.) As already stated in its original opinion, the court simply does not agree; Defendants' view is reasonable but so is Plaintiff's. The court also notes, again, that it is not alone in reaching this conclusion. For example, in *Giddens v. Equitable Life Assur. Soc. of U.S.*, 445 F.3d 1286, 1298 (11th Cir. 2006), the Eleventh Circuit Court of Appeals concluded that ambiguity existed in a similar "Total Disability" provision, explaining:

> [w]e do not suggest that 'all' is an unreasonable interpretation of the policy language, but we do say that 'most' or the 'majority' of the substantial and material duties is also a reasonable interpretation if an insured is unable to engage in his regular occupation as a result of his inability to perform most or the majority of those duties.

In interpreting similar policy provisions, the Eighth Circuit Court of Appeals reached the same result as the Eleventh Circuit: "[t]he policies' definitions of 'total disability' are susceptible to differing interpretations, because the policies do not speak in terms of "any," "all," "some," or "the most important part" of [the insured's] duties." *Dowdle v. Nat'l Life Ins. Co.*, 407 F.3d 967, 970 (8th Cir. 2005).

   Defendants' motion for reconsideration will be denied.

## IV.  CONCLUSION

IT IS ORDERED that Defendant's motion for reconsideration (Dkt. # 50) is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  August 1, 2014


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 1, 2014, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522