**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LOUIS LEONOR, DDS,

    Plaintiff,

v.                                                                                  Case No. 12-15343

PROVIDENT LIFE AND ACCIDENT COMPANY
and PAUL REVERE LIFE INSURANCE
COMPANY,

    Defendants.
                                                                    /

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND JUDGMENT**

On April 30, 2014, the court issued an "Opinion and Order Denying Defendants' Motion for Summary Judgment and Granting Plaintiff's Motion for Summary Judgment," and entered a separate judgment in favor of Plaintiff on the same day.[1] Plaintiff moves to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) so as to: (1) include pre-judgment interest per Michigan Law, MCL § 600.6013(8), (2) dismiss Defendants' counterclaim as moot, (3) provide for the payment of continued disability income benefits under Policy Nos. 0113 and 8090 and (4) allow for post-judgment interest per 28 U.S.C. § 1961. For the reasons that follow, Plaintiff's motion will be granted. The court will issue a separate amended judgment reflecting this order.

**I. PRE-JUDGMENT INTEREST**

In diversity cases, such as this one, federal courts apply Michigan law, including MCL § 600.6013. *JP Morgan Chase Bank, N.A. v. First Am. Title Ins. Co.*, 09-14891,

---

[1] The court denied Defendants' motion for reconsideration on August 1, 2014.

2012 WL 262465, at *1 (E.D. Mich. Jan. 30, 2012) (citing *Estate of Riddle ex rel. Riddle v. Southern Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir.2005)).  Michigan law requires that:

> [I]nterest on a money judgment recovered in a civil action is calculated at 6-month intervals from the date of filing the complaint at a rate of interest equal to 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the 6 months immediately preceding July 1 and January 1, as certified by the state treasurer, and compounded annually, according to this section.  Interest under this subsection is calculated on the entire amount of the money judgment, including attorney fees and other costs. . . .  The amount of interest attributable to that part of the money judgment from which attorney fees are paid is retained by the plaintiff, and not paid to the plaintiff's attorney.

MCL § 600.6013(8).  Here, Plaintiff filed his complaint on December 5, 2012.  As noted, the court entered judgment on April 30, 2014.  Plaintiff calculates that, for all three policies, including pre-judgment statutory interest, he is entitled to $225,085.58.  (See Dkt. # 53-3, Pg. ID 1479.)  Defendants have not disputed this amount.

As Plaintiff is entitled to pre-judgment interest, and Defendants have not disputed Plaintiff's calculation, Plaintiff's motion to amend will be granted with respect to his request for pre-judgment statutory interest.

## II.  DEFENDANTS' COUNTERCLAIM

In its April 30, 2014 order, the court announced in the body of the opinion that it would deny Defendants' counterclaim as moot.  (Dkt. # 48, Pg. ID 1424.)  However, at the close of the opinion, no such order was entered.  The court will do so here.  Thus, Plaintiff's motion to amend will be granted with respect to this request.

### III.  CONTINUED DISABILITY INCOME BENEFITS

Plaintiff moves the court to amend the judgment to order the continuation of payment of disability income benefits under Policy Nos. 0113 and 8090.  No such amendment is necessary as the court has already so ordered.  (*See* Dkt. # 48, Pg. ID 1425.)  However, for added clarification, the court will grant Plaintiff's motion concerning this request and will reiterate its order in its amended judgment that Defendants pay Plaintiff "Total Disability" benefits under the 0113 Policy for the remainder of his lifetime and "Total Disability" benefits under the 8090 Policy until he turns 65.

### IV.  POST-JUDGMENT INTEREST

Plaintiff asserts that post-judgment interest should be imposed pursuant to 28 U.S.C. § 1961.  The Sixth Circuit has stated that "district courts are required to award post-judgment interest" in accordance with 29 U.S.C. § 1961.  *Caffey v. UNUM Life Ins. Co.*, 302 F.3d 576, 586 (6th Cir. 2002).  As such, the court will grant Plaintiff's motion with respect to his request for post-judgment interest.

### V.  CONCLUSION

For the reasons above, IT IS ORDERED that Plaintiff's motion to amend judgment (Dkt. # 53) is GRANTED.IT IS FURTHER ORDERED that Defendants' counterclaim (Dkt # 8) is DENIED as moot.

A separate amended judgment reflecting this order will issue.

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: August 5, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 5, 2014, by electronic and/or ordinary mail.

                                         s/Lisa Wagner
                                         Case Manager and Deputy Clerk
                                         (313) 234-5522